## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,                         :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :  Civil Action No. 04-0562 (JR)
                                          :
FEDERAL BUREAU OF INVESTIGATION, :
                                          :
          Defendant.                      :

### MEMORANDUM

In November 2003, plaintiff, a federal inmate, filed a FOIA request with FBI Headquarters (FBIHQ) seeking information on Manny Sanchez, an FBI informant.  For some time, the FBI refused to confirm or deny the existence of any responsive records, making what is known as a "Glomar" response.  Plaintiff sued to compel production of documents, and both sides moved for summary judgment.  On September 29, 2005, I denied both motions for summary judgment, stating that "the FBI must demonstrate that it has searched its records and must either provide the documents requested or produce a Vaughn index."  Mem. Order at 6.  Pursuant to that order, the FBI conducted a search of its records.  The search returned no matching documents, and the FBI has renewed its motion for summary judgment [29].

### Analysis

In response to a FOIA request, an agency must conduct a search of its records that is "reasonably calculated to uncover all relevant documents."  Weisberg v. United States Dep't of

<u>Justice</u>, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  To demonstrate the adequacy of its search, the agency must provide the court with "affidavits of responsible agency officials which are relatively detailed, non-conclusory, and submitted in good faith."  <u>Greenberg v. United States Dep't of Treasury</u>, 10 F. Supp. 2d 3, 12-13 (D.D.C. 1998).  Summary judgment is appropriate if the affidavit's description of "what records were searched, by whom, and through what processes" establishes that the agency conducted an adequate search.  <u>Steinberg v. United States Dep't of Justice</u>, 23 F.3d 548, 552 (D.C. Cir. 1994).

The second declaration of David Hardy, submitted by the FBI with its renewed motion, describes in detail the methods used by the FBI to search its records.  In response to the September 29, 2005 order, FBIHQ searched its main record system, the Central Records System (CRS), for records pertaining to Manny Sanchez.  Second Hardy Decl. ¶ 12.  Any responsive records located at FBIHQ would be contained in the CRS because that system "enables [the FBI] to maintain all information which it has acquired in the course of fulfilling [its] mandated law enforcement responsibilities."  Id. ¶ 7.  FBIHQ performed the search using phonetic combinations of the name "Manny Sanchez" and "M. Sanchez," and the date of birth provided by plaintiff. Id. ¶ 12.  According to the affidavit, none of its more than 100

million records maintained by FBIHQ matched those search terms.
Id.

The Hardy affidavit reflects a search that was
"reasonably calculated to uncover all relevant documents."
Weisberg, 705 F.2d at 1351.  Plaintiff questions whether the FBI
searched for "Manny Sanchez" or the more formal "Manuel Sanchez."
By searching for "M. Sanchez," however, the FBI ensured that
records for either name would be found.  Plaintiff also questions
why Sanchez's social security number and the name of his
operation were not used in the search.  Adding these additional
query terms would only have further limited the number of
responsive records.  Plaintiff himself provided Sanchez's date of
birth, and the FBI was under no obligation to perform a search
that did not use that query term.

Defendants' Motion for Summary Judgment (Renewed) [29]
will be **granted.**  An appropriate order accompanies this
memorandum.


                              JAMES ROBERTSON
                         United States District Judge